**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **HERMAN MAJORS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:17-cv-01230** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **UNITED STATES OF AMERICA, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM  OPINION  AND  ORDER**</u>

On September 13, 2017, an Order (Doc. No. 3) was entered denying the Plaintiff's Application (Doc. No. 2) to proceed in forma pauperis. 28 U.S.C. § 1915(g). The Plaintiff was granted thirty (30) days in which to pay the filing fee of four hundred dollars ($400) or risk dismissal of this action.

Majors did not comply with the Court's instructions by paying the filing fee. Instead, he filed a second Application (Doc. No. 4) to proceed in forma pauperis. In it, the Plaintiff asserted that he should be allowed to proceed as a pauper because Congress is prohibited from making any law that interferes with his right to seek redress for his grievances. (Id at 4.) The original Application had not been denied in error. Plaintiff's second Application was denied as well. (Doc. No. 5.)

Presently before the Court are Plaintiff's third Application (Doc. No. 8) to proceed in forma pauperis and, should this Application be denied, a Motion (Doc. No. 7) "to place the above docketed case in abeyance, set aside, suspend until the Plaintiff is able to pay the full $400 filing fee."

A prisoner Plaintiff with three or more strikes may proceed in forma pauperis if he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In support of the third Application

to proceed in forma pauperis, the Plaintiff claims that he is in imminent danger of serious physical injury. To illustrate, he avers that he "continues to suffer daily from Chronic Illnesses as to say diabetes, hypertension, enlarged prostate, acid reflux that are not being treated adequately at the facility USP/Hazelton." (Doc. No. 8 at 1.) It is further claimed that the prison medical staff have discontinued two of his prescriptions, including the insulin needed for his diabetes. (Id.)

The failure to receive adequate treatment for potentially life-threatening illnesses constitutes imminent danger sufficient to excuse three or more strikes. Ibrahim v. District of Columbia, 463 F.3d 3, 6-7 (D.C. Cir. 2006). The Plaintiff alleges that the lack of adequate medical treatment has caused him to experience blurry vision and swelling of the feet and hands which "will continue to lead to amputation of the feet and limbs, blindness, kidney failure, heart attack, strokes, coma and death." (Doc. No. 8 at 1-2.) Because this suggests an imminent danger of serious physical injury, the Order (Doc. No. 3) denying the Plaintiff pauper status is hereby **VACATED** and the third Application (Doc. No. 8) is **GRANTED**. The Clerk shall file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

The Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The granting of Plaintiff's Application for pauper status has rendered **MOOT** his Motion (Doc. No. 7) to hold this case in abeyance until he can afford to pay the filing fee in full. Therefore, the Motion to hold this case in abeyance is **DENIED** for that reason. The Court is now obliged to review the Complaint to identify colorable claims or dismiss the Complaint. 28 U.S.C. § 1915(e)(2).

On February 23, 2012, a federal jury found the Plaintiff guilty of conspiracy to distribute and to possess with intent to distribute cocaine. United States v. Herman Majors, No. 3:09-cr-00047-4 (M.D. Tenn.), at Doc. No. 264. For this crime, he received a sentence of three hundred sixty months (360) in prison, to be followed by five years of supervised release. (Id at Doc. No. 300.) On appeal, the conviction was affirmed. (Id at Doc. No. 395.) Later, the Supreme Court denied Plaintiff's petition for a writ of certiorari. (Id at Doc. No. 405.)

The Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, against the United States of America, the Attorney General for the United States, James Richard Whitsett, a Task Force Officer for the Drug Enforcement Administration, Sunny A.M. Koshy, an Assistant United States Attorney for this judicial district, and the United States Marshal's Service, alleging that the defendants are liable for false arrest, false imprisonment and malicious prosecution. More specifically, the Plaintiff claims that the United States "had no proof to indict, arrest, detain, prosecute and sentence" him. (Doc. No. 1 at 3.) He seeks damages in

the amount of $100 million.

The Plaintiff alleges that he is the victim of a false arrest. A false arrest claim requires the Plaintiff to prove that the arresting officer lacked probable cause to arrest him. <u>Fridley v. Horrighs</u>, 291 F.3d 867, 872 (6th Cir. 2002). Probable cause has been defined as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense". <u>Michigan v. DeFillippo</u>, 443 U.S. 31, 37 (1979). An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim of false arrest. <u>Voyticky v. Village of Timberlake, Ohio</u>, 412 F.3d 669, 677 (6th Cir. 2005). A facially valid warrant was issued for the Plaintiff's arrest. <u>United States v. Herman Majors</u>, supra at Doc. No. 13. He has offered no factual allegations that would suggest otherwise. Therefore, the Plaintiff has failed to state a claim of false arrest that would entitle him to relief.

The Plaintiff also claims that the defendants falsely imprisoned him. False imprisonment consists of detention without legal process. <u>Wallace v. Kato</u>, 549 U.S. 384, 389 (2007). In this regard, an indictment was issued charging the Plaintiff. <u>United States v. Herman Majors</u>, supra at Doc. No. 9. A facially valid warrant was issued for the Plaintiff's arrest. (<u>Id</u> at Doc. No. 13.) The Plaintiff was arrested pursuant to that warrant. (<u>Id</u> at Doc. No. 60.) The Plaintiff made an initial appearance before a Magistrate Judge on the day of his arrest. (<u>Id</u> at 62.) Counsel was appointed to represent the Plaintiff. (<u>Id</u> at Doc. No. 64.) The government filed a motion for detention that the Plaintiff did not contest. (<u>Id</u> at Doc. No. 65.) The Plaintiff received all the legal process he was entitled to prior to his detention as he awaited trial. In any event, an arrest pursuant to a valid warrant is normally a complete defense to a claim of false imprisonment. <u>Voyticky</u>, supra at 677.

As a result, the Plaintiff has failed to state an actionable claim for false imprisonment.

The Plaintiff's final claim is that he is a victim of malicious prosecution. The tort of malicious prosecution consists of four elements. These elements are (1) that the defendants brought an action against the Plaintiff; (2) that the action was terminated in the Plaintiff's favor; (3) that the defendants acted with malice; and (4) that the defendants lacked probable cause to believe the facts upon which the prosecution was based. Lawson v. Kroger Co., 997 F.2d 214, 216 (6th Cir. 1993). An indictment is prima facie evidence that the defendants had probable cause to believe the facts upon which the Plaintiff's prosecution was based. Harris v. United States, 422 F.3d 322, 327 (6th Cir. 2005). Moreover, the Plaintiff's prosecution did not end in his favor. As a consequence, the Plaintiff has failed to state an actionable claim for malicious prosecution.

The Complaint fails to state an actionable claim for false arrest, false imprisonment and malicious prosecution. These claims, therefore, are hereby **DISMISSED.** 28 U.S.C. § 1915(e)(2).

The Court is obliged, however, to liberally construe *pro se* pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Stanley v. Vining, 602 F.3d 767, 771 (6th Cir. 2010). As noted above, the Plaintiff alleges in his third Application (Doc. No. 8) to proceed in forma pauperis that he is in imminent danger of serious physical injury because he is being denied adequate medical care at his present place of confinement. (Id at 1-2.) These allegations suggest a potentially colorable claim for relief. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) ("deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' .... proscribed by the Eighth Amendment").

Accordingly, the Plaintiff is **GRANTED** thirty (30) days from the date of entry of this Order on the docket in which to amend his Complaint with a statement describing with greater specificity

the extent of his medical claim and to identify any individuals at the prison who have had a role in the alleged denial of medical care. The Plaintiff is forewarned that a failure to amend his Complaint within the specified period of time will result in the dismissal of this action.

The Clerk is directed to send a copy of this Order to the Warden of the United States Penitentiary/Hazelton to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE