**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**HERMAN MAJORS,**

       **Plaintiff,**

**v.**                           **Civil Action No.  5:17cv180
                                          (Judge Stamp)**

**UNITED STATES OF AMERICA, et al.,
        Defendants.**

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff initiated this *pro se* civil action on September 6, 2017, by filing a complaint pursuant to the Federal Tort Claims Act in the United States District Court for the Middle District of Tennessee. On September 13, 2017, that Court denied the Plaintiff's application to proceed i*n forma pauperis*, after finding that he had previously filed four civil actions in federal  court that were dismissed as frivolous, and he had offered no factual allegations from which the Court could infer that he was in imminent danger. ECF No. 3.

On October 31, 2017, the Middle District of Tennessee considered the Plaintiff's third application to proceed *in forma pauperis* in which he claimed that he was in imminent danger of serious physical injury. To illustrate this claim, he averred that he "continues to suffer daily from Chronic Illnesses as to say diabetes, hypertension, enlarged prostrate, acid reflux that are not being treated adequately at the facility USP/Hazelton." ECF No. 8 at 1. He further claimed that the prison medical staff have discontinued two of his prescriptions, including the insulin needed for his diabetes. *Id.* The Plaintiff further alleged that the lack of medical treatment has caused him to experience blurry vision and swelling of the feet and hands which "will continue to lead

to amputation of the feet and limbs, blindness, kidney failure, heart attack, strokes, coma and death." ECF No. 8 at 1-2. Therefore, the Middle District of Tennessee found that this suggested an imminent danger of physical injury, vacated the Order denying the Plaintiff's pauper status and granted his Application. While, the Court also found that none of the claims against the named Defendants were actionable[1], it afforded the Plaintiff 30 days in which to amend his Complaint with a statement describing with greater specificity the extent of his medical claim and identify any individuals at the prison who have a role in the alleged denial of his medical care. ECF No. 11 at 6.

On November 20, 2017, the Plaintiff filed a Motion to Amend his Complaint in which he alleged that beginning with his arrival at USP Hazelton on February 21, 2017, through the present, he had been denied adequate medical treatment for his life threatening illnesses by Dr. Emmanuel Adams, M.D. and Ms. Leigh Bird, PA-C. ECF No. 12. On December 12, 2017, the Middle District of Tennessee granted the Plaintiff's Motion to Amend and transferred the case to the District because the amended allegations involved conduct at USP Hazelton.

The case was transferred on December 13, 2017. However, because the Plaintiff's complaint was not on this Court's FTCA form, he was sent a Notice of Deficient Pleading which advised him that he must refile his complaint on this Court's approved form. On December 22, 2017, the Plaintiff filed his complaint on the court approved form. It is clear from the complaint that the Plaintiff believes that the FTCA that he filed in September in the Middle District of Tennessee is still pending. ECF No. 21 at 5. In addition to raising claims regarding lack of medical care under the Americans

---

[1] These were claims of false arrest, false imprisonment and malicious prosecution. They were dismissed pursuant to 28 U.S.C. § 1915(e)(2).

with Disabilities Act, the Plaintiff also raises the same claims raised in the Middle District of Tennessee which were dismissed under 28 U.S.C. § 1915(e)(2). For relief, the Plaintiff demands judgment in the amount of $100,000,000. Simultaneously with his form complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*.

The Prison Litigation Reform Act (PLRA) of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes").").  Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va.  June 30, 2008) (Johnson, J.).

The Plaintiff acknowledges that he has had four cases dismissed as frivolous. The undersigned's review of PACER, the nationwide database maintained by the federal courts, substantiated this acknowledgement.[2] Therefore, the Plaintiff may not bring a civil action without complete prepayment of the $400 filing fee unless he is imminent danger of serious physical injury.

The undersigned accepts that the Plaintiff has made allegations that might support a finding of imminent physical injury. However, the Plaintiff is proceeding under the FTCA, and accordingly, relief is limited to money damages; equitable relief is not available under the FTCA. *Peck v. Blessing*, 2006 WL 213736  (N.D. Cal.); *Ajaj v. United States*, 479 F.Supp. 501 (D.S.C. 2007). Therefore, allowing this case to proceed without prepayment of fees will not remove the Plaintiff from "imminent danger of serious physical injury."  Moreover, to the extent the Plaintiff relies on the ADA as affording him relief, his reliance is misplaced. The ADA, as it applies to public entities, is codified at 42 U.S.C. §§ 12131 *et seq*. It is been recognized that the provisions of the ADA are applicable to prisoners confined in state correctional facilities. *See Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998). However, absent an explicit waiver of sovereign immunity, the United States is generally immune from suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). This "immunity is

---

[2] The four cases are:

    *Majors v. Smith, et al.*, Civil Action No. 3:98-cv-0448 (M.D. Tenn. (dismissed as frivolous on 5/26/98);

    *Majors v. Tackett, et al.,* Civil Action No. 3:98-cv-1052 (M.D. Tenn.) (dismissed as frivolous on 11/10/98;

    *Majors v. Montgomery Jail, et al.*, Civil Action No. 3:98-cv-1130 (M.D. Tenn.) ( dismissed as frivolous on December 14, 1998); and

    *Majors v. Broilier, et al.*, Civil Action No. 3:99-cv-0496 (M.D. Tenn.) (dismissed as frivolous on June 21, 1999).

jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and extends to government agencies and employees. *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). The ADA does not contain a waiver of sovereign immunity and thus, does not apply to the Federal Government. *Crowder v. True*, 845 F.Supp. 1250 (N.D. ILL. 1994). Therefore, the Plaintiff fails to state a claim for relief pursuant to the ADA.

For the foregoing reasons, the undersigned recommends Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915 (g), and his pending Motion for Leave to Proceed in forma pauperis [ECF  No. 2] be **DENIED**. The undersigned further recommends that Plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must refile the complaint with payment of the $400 filing fee.

Within 14 days after being served with a copy of this Report and Recommendation, Plaintiff may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this court based upon such recommendation. 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

IT IS SO ORDERED.

The Clerk is DIRECTED to mail a copy of this report and recommendation to Plaintiff by certified mail, return receipt requested to his last known address as shown

on the docket sheet. Upon entry of this Report and Recommendation, the clerk of court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: January 8, 2018

*/s, James E. Seibert*

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE